Maurice Warren PRICE, Jr.

v.

UNITED STATES of America et al.

Civ. A. No. 76–2291.

United States District Court,
E. D. Louisiana.

Jan. 11, 1977.

Louis R. Koerner, Jr., New Orleans, La., for plaintiff.

Leonard P. Avery, Asst. U. S. Atty., New Orleans, La., for the United States.

### ORDER

CHARLES SCHWARTZ, Jr., District Judge.

This matter came on for hearing on a former day on motion of defendant the United States of America to dismiss and for summary judgment, and on motion of plaintiff Maurice Warren Price, Jr. for partial summary judgment and for class certification. After due consideration of the argument and memoranda of counsel, the record, and the law, the Court finds as follows:

On September 17, 1975, plaintiff was notified by the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms, that he had been selected for the position of Alcohol, Tobacco & Firearms Inspector, GS–5, $8,500 per year. He was told to report on September 29, 1975 and was further notified that:

Your appointment is subject to satisfactory character investigation which may not be completed until after you have entered on duty.

On December 17, 1975, plaintiff was told of the proposal to remove him during his probationary period because "I believe you

are unsuitable for the position." The proposal was signed by Billy L. Gaunt, Regional Director, and, in conformance with 5 CFR § 315.806 provided plaintiff with specific reasons for the removal. It was noted that:

> You have been in violation of applicable State and Federal laws by possession of illegal drugs, and you have a record and reputation with the local police as a known narcotics violator.

After listing specific instances of arrests, noting that two were dismissed for faulty warrants and one not prosecuted, the notice went on to state:

> As you are aware, we are a law enforcement agency. Your position as an inspector is to enforce statutes regulating the Alcohol, Tobacco and Firearms industries, and to investigate the revenue aspects of the Federal Wagering statutes. Inspectors are called to testify in court and administrative hearings on behalf of the Government. Your record would make it easy to challenge the credibility of your testimony, thereby having possible damaging effects on the Government's case. The effectiveness of a law enforcement official who has violated the law on three occasions and has a reputation with local law enforcement agencies as a narcotics violator is seriously impaired.

Plaintiff responded to the charges on January 8, 1976, alleging that the charges were too vague and contained no support for the statement that plaintiff had a reputation as a known narcotics violator.

Plaintiff filed an appeal with the Civil Service Commission Federal Employee Appeals Authority, Dallas Field Office. He alleged that the notice was not sufficiently specific and detailed; that sufficient consideration was not given to his reply; and that, under Federal Personnel Manual Chapter 315, Subchapter 8-4(b)(1), it was improper for the agency to terminate plaintiff for reasons known to it at the time of the appointment.

On June 28, 1976, the FEAA issued a decision affirming the removal. With regard to the question of specificity, the decision noted that plaintiff was clearly able to understand the charges against him and "addressed and rebutted every point in the notice of proposed removal." The other procedural allegations were similarly addressed and found to be inappropriate. With regard to the plaintiff's allegation regarding the agency's prior knowledge of the arrests, the decision noted:

> In contention number five, the appellant's attorney alleges that the appellant did not receive the type of consideration which is legally required, arguing that FPM 315, Subchapter 8-4 requires that the agency give a probationary employee the same consideration he would have received from the Commission as an applicant if the derogatory information had been known before he was appointed. We find, however, that the appellant's representative has misstated the above provision as granting some type of additional procedural right in a probationary employee. Such is not the case however. The totality of a probationary employee's procedural rights subject to review by the Federal Employee Appeals Authority are set out at Section 315.805 of the Civil Service Regulations. The cited portion of the FPM does not grant an additional procedural right to an appellant but, on the contrary, merely explains that the procedural requirements of 315.805, in effect, provide the appellant the same consideration he would have received from the Commission as an applicant. In our findings above we have already discussed the individual requirements set out under 315.805, and, those findings, in which we found no procedural deficiencies, are dispositive of the appellant's fifth contention.

The parties are in agreement as to the facts of this case. The issues to be resolved are legal in nature.

Plaintiff brought this action on behalf of himself and all others similarly situated seeking reinstatement, back pay and damages. Plaintiff claims that his arrest record cannot validly be the foundation for his dismissal, and that his right to due process

of law was violated by defendant's refusal to grant him a hearing to protect his liberty interest. This Court's jurisdiction over this claim has been conceded by defendants as being invoked pursuant to Administrative Procedure Act, 5 U.S.C. Section 701 et seq., as amended P.L. 94–574 (October 21, 1976).

This Court finds plaintiff's claim that his arrest record cannot validly be the foundation for his dismissal to be without merit. The government cannot constitutionally terminate an employee on grounds that are patently arbitrary or capricious. *Cafeteria and Restaurant Workers Union Local 473, A.F.L.–C.I.O. v. McElroy*, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Thus the Court must decide whether the agency action in terminating the plaintiff was arbitrary, capricious or devoid of substantial evidence to support it. Arrests for narcotics violations are not innocuous when viewed in the context of an employee whose job is to enforce the law. As the agency properly noted in the notice of removal, plaintiff's credibility as an Alcohol, Tobacco and Firearms agent would be very seriously impaired given his arrest record. *Wathen v. United States*, 527 F.2d 1191, 208 Ct.Cl. 342 (1975). Also, the agency was not aware of this arrest record prior to investigation because the limited amount of information which plaintiff gave on the investigative form could only serve to put the agency on notice to look further and not to provide enough information to disqualify him. Plaintiff was clearly on notice that even though the agency had appointed him to the position, the appointment was probationary in nature, subject to further investigation. Under these circumstances, plaintiff's termination was not an arbitrary or capricious action, nor was it an abuse of agency discretion.

Plaintiff has also alleged that the administrative appeal procedure applicable to probationary employees is unconstitutional and violative of due process in that there is no opportunity for a hearing and confrontation and cross-examination of witnesses. We start with the proposition that due process does not require the government to afford a hearing to every employee before discharging him. *Cafeteria and Restaurant Workers Union Local 473, A.F.L.–C.I.O. v. McElroy, supra*; *Jaeger v. Freeman*, 410 F.2d 528 (5th Cir. 1969).

The requirements of due process in the termination of public employees was considered in the case of *Board of Regents of States Colleges et al. v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). That case sets forth those elements which are necessary in order for a public employee to be entitled to a hearing upon termination. To be entitled to a hearing, a public employee must have either (1) tenure either active or constructive sufficient to give him a genuine expectation of reemployment; (2) a stigma attached to the failure to reemploy him which would effectively curtail his freedom to take advantage of other employment opportunities; or (3) a genuine allegation of the impairment of a Constitutional right such as a non-frivolous allegation that the termination was based upon the employee's exercise of his First Amendment rights.

Plaintiff contends that he has been stigmatized by the information contained in his Official Personnel Folder, which is the property of the Civil Service Commission, and therefore due process requires that he be granted a hearing for the purpose of clearing his name. This Court recognizes that the reasons for the plaintiff's termination are stigmatizing, however it does not automatically follow that due process requires that this plaintiff be afforded a hearing. In order to offend an individual's liberty interest, and thus necessitate a due process hearing, the governmental agency must make the allegedly stigmatizing charges public. *Bishop v. W. H. Wood, etc. et al.*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The reasons for the termination of this plaintiff have not been publicized in any way. The Bureau of Alcohol, Tobacco and Firearms does not on its own volition publicize or disseminate the fact that an individual was removed or the reasons for that removal. That information, which is part of the individual's Offi-

cial Personnel Folder, is shown only to the individual himself and, in certain specified instances, to Congressional committees or officials of the Executive Branch. 5 CFR § 294.703. It is true that, upon request, a prospective employer will be told the date and reasons for the termination. 5 CFR § 294.702(b)(4). However, the material which plaintiff complains of is and always has been a matter of public record.

The plaintiff claims that derogatory information now exists in his Official Personnel Folder which is untrue and which he had no opportunity to challenge, so that he might clear his name. In this regard, Congress has provided the plaintiff with adequate remedies under the Privacy Act. 5 U.S.C. § 552a. Thus, although the plaintiff cannot obtain reinstatement to his prior position, he does have remedies against the allegedly stigmatizing material.

Considering the foregoing,

IT IS ORDERED that the motion of the defendant to dismiss and for summary judgment be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiff's motion for partial summary judgment and for class certification be dismissed as moot.